The Honorable Mary C. Kasten Representative, District 159 State Capitol Building, Room 101B Jefferson City, Missouri 65101
Dear Representative Kasten:
This opinion is in response to your question asking:
 In state statute 91.470, does the language "accept a nomination or appointment for any other office" include election to a School Board?
Section 91.450, RSMo 1986, authorizes and empowers towns and villages and certain cities to establish by ordinance an executive department known as "The Board of Public Works". The Board of Public Works is
 . . . to consist of four persons, electors of said city, town or village, who have resided therein for a period of two years next before their appointment, who shall be appointed by the mayor of such city, town or village, and confirmed by the common council in such manner as other appointive officers of such city, town or village are appointed and confirmed. The members of such board shall hold office for a term of four years each, or until their successors are appointed and qualified; provided, that the members of said board shall hold office for a term of four years each, except the first incumbents, as members of said board of public works, who shall be appointed and hold office for the term of one, two, three and four years respectively.
The powers and duties of such a board, once established by ordinance, are set out in Sections 91.480 to 91.550, RSMo 1986.
Section 91.470, RSMo 1986, the subject of your question, provides:
 91.470. Office vacated, how. — Any member of said board of public works, who shall accept a nomination or appointment for any other office during his official term, shall be deemed thereby to have resigned as a member of said board, and his said membership shall thereby be ipso facto vacated. [Emphasis added.]
In construing a statute, legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Therefore, the prohibition set forth in Section 91.470 must be read to include any office other than member of the Board of Public Works.
 A public office is defined to be "the right, authority, and duty, created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." Mechem, Pub. Off. 1.
State ex rel. Walker v. Bus, 135 Mo. 325, 36 S.W. 636, 637
(1896). In State ex rel. Walker v. Bus, supra, it was accepted that a member of a school board was a holder of public office. See also State ex inf McKittrick v. Whittle,63 S.W.2d 100, 102 (Mo. banc 1933) (holding "a school director is a public officer"). Consequently, we conclude that an election to the school board would constitute the acceptance of "a nomination or appointment for any other office."
CONCLUSION
It is the opinion of this office that an election to the school board constitutes the acceptance of "a nomination or appointment for any other office" as the phrase is used in Section 91.470, RSMo 1986.
Very truly yours
 WILLIAM L. WEBSTER Attorney General